UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ALBERTO CASTRO FIERRO,

        Petitioner,

    v.

THOMAS GILES, et al.,

        Respondents.

Case No. 5:26-cv-03006-ACCV

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## I.    RULING

On June 2, 2026, Alberto Castro Fierro ("Petitioner") filed a Petition for Writ of Habeas Corpus under to 28 U.S.C. § 2241 ("Petition"), claiming his continued detention violates the Due Process Clause of the Fifth Amendment.  (Dkt. 1 at 13-14.)  For the reasons that follow, the Court denies the Petition.

## II.    FACTS AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico.  (Dkt. 1 at 10.)  Immigration and Customs Enforcement ("ICE") detained Petitioner on May 15, 2026.  (*Id.* at 12.)  Petitioner remains detained at the Adelanto ICE Processing Center in Adelanto, California.  (*Id.* at 10.)  On May 28, 2026, Petitioner filed a motion to reopen his removal proceedings.  (Dkt. 1 at 12.)  Petitioner also requested a stay of removal from the Board of Immigration Appeals ("BIA").  (*Id.*)

///

Petitioner asserts he is unlawfully detained on two grounds: (1) Violation of the Due Process Clause of the Fifth Amendment (Procedural Due Process); and (2) Violation of the Due Process Clause of the Fifth Amendment (Substantive Due Process).  (Dkt. 1 at 13-14.)  Petitioner seeks, *inter alia*, immediate release, or in the alternative, a bond hearing before an immigration judge.  (*Id.* at 14.)

On June 9, 2026, Respondents filed their answer.  (Dkt. 7.)  Respondents argue Petitioner is detained pursuant to a final order of removal[1] and that Petitioner has not shown that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" as required by *Zadvydas v. Davis*, 533 U.S. 678 (2001).  (*Id.* at 3.)  Thus, Petitioner is not eligible for a bond hearing other than a "bond hearing pursuant to *Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013)[2] once [Petitioner] has been detained for six months." (*Id.* at 2.)  Moreover, Petitioner's "pending motion to reopen does not change the finality of Petitioner's removal order." (*Id.* at 1.)

Petitioner filed his reply on June 12, 2026.  (Dkt. 8.)  On June 24, 2026, the Court requested the parties provide the Court with an update regarding Petitioner's whereabouts.  (Dkt. 9.)  The same day, Petitioner's counsel filed a status report confirming Petitioner remains at the Adelanto ICE Processing Center.  (Dkt. 10.)

---

[1] An immigration judge granted Petitioner's application for voluntary departure. (Dkt. 7-1 at 8.)  Petitioner, however, did not depart during the 60-day voluntary departure period.  (*Id.*)  As a result, Petitioner is subject to an administratively final order of removal under 8 C.F.R. § 1241.1 (f).  (*Id.*)

[2] Named after the Ninth Circuit's decision in *Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015), which has an extensive history that need not be recounted here, a *Rodriguez* bond hearing is a periodic custody redetermination proceeding—required in the Central District of California (for reasons not pertinent here)—where the government must show at six-month intervals that a detainee's continued detention pending removal proceedings is justified by clear and convincing evidence of flight risk or danger to the community.

### III.   DISCUSSION

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973).

Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301, 121 S. Ct. 2271, 2280, 150 L. Ed. 2d 347 (2001).  A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds that their detention violates the Constitution or other federal laws.  28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 687-88, 121 S. Ct. 2491, 2497, 150 L. Ed. 2d 653 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

### A.   Detention and Release under Section 1231

Section 1231 governs the Government's authority to detain non-citizens with final orders of removal.  The statute provides that the Government "shall detain" noncitizens during the "removal period."  8 U.S.C. § 1231(a)(2)(A).  The "removal period" is defined as beginning on the "latest of the following":  "(i) The date the order of removal becomes administratively final"; "(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order"; or "(iii) If the alien is detained or confined (except under an immigration

process), the date the alien is released from detention or confinement." Id. at § 1231(a)(1)(B).

Thereafter, the statute permits—but does not require—the detention of certain noncitizens found inadmissible or removable on specified grounds, "or who ha[ve] been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." *Id.* at § 1231(a)(6). Such individuals "may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)." *Id.*

Section 1231(a)(6) does not permit the "indefinite detention" of noncitizens, which would otherwise pose serious constitutional concerns. *Zadvydas v. Davis*, 533 U.S. 678, 690-96, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). Rather, Section 1231(a)(6) permits detention only where removal is "reasonably foreseeable." *Id.* at 699. To effectuate this limit, it is "practically necessary to recognize some presumptively reasonable period of detention." *Id.* at 701. The Supreme Court has found that limit to be six months. *Id.* After six months, "once [an] alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Because the statute only authorizes a "reasonable" period of detention to effectuate removal, "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

8 C.F.R. §§ 241.4 and 241.13 implement the Government's authority to detain or release noncitizens under 8 U.S.C. § 1231(a). Section 241.4, titled "Continued detention of inadmissible, criminal, and other [noncitizens] beyond the removal period," sets out "procedures [the Department of Homeland Security ("DHS")] must follow to impose continued detention[.]" *Johnson v. Guzman Chavez*, 594 U.S. 523, 529, 141 S. Ct. 2271, 210 L. Ed. 2d 656 (2021). Section 241.13, titled "Determination of whether there is a significant likelihood of removing a detained [noncitizen] in the reasonably foreseeable future," includes procedures that implement the *Zadvydas*

burden-shifting framework. *Id.* Sections 241.13(g)(1) and 241.13(h) provide that the Government "shall" release a noncitizen on an "order of supervision" if it determines that their removal is not reasonably foreseeable, unless "there are special circumstances justifying continued detention."

**B.      Petitioner Failed to Rebut the Six-Month Presumptively Reasonable Detention Period Under *Zadvydas***

Petitioner is subject to an administratively final order of removal. (Dkt. 7-1 at 8.) Accordingly, his detention is governed by 8 U.S.C. § 1231(a). Under § 1231, once a noncitizen is ordered removed, the Attorney General "shall" remove him within 90 days of the date that the removal order becomes administratively final. 8 U.S.C. § 1231(a)(1)(A). Detention is mandatory during the removal period. 8 U.S.C. § 1231(a)(2)(A). If a noncitizen subject to a removal order is not removed during the 90-day removal period, he may be detained beyond the removal period or may be released subject to supervision. 8 U.S.C. § 1231(a)(6)(a)(3). However, a noncitizen may not be detained indefinitely under § 1231(a) for the purpose of effectuating removal but must be released from detention once it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas v. Davis*, 533 U.S. 678, 690-92 (2001) (interpreting 8 U.S.C. § 1231(a)(6); *see also* 8 C.F.R. § 241.13(g)(1) (requiring release on conditions once government has concluded that removal is not significantly likely in the reasonably foreseeable future).

In *Zadvydas*, the Supreme Court set a "presumptively reasonable" six-month detention period after the removal order is final. *Zadvydas*, 533 U.S. at 701. After six months, if a noncitizen can "provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If the Government fails to rebut the noncitizen's showing of "good reason," the noncitizen is entitled to habeas relief. *Id.*

///

Even so, the presumption of reasonableness may be rebutted.  *See Trinh v. Homan*, 466 F. Supp. 3d 1077, 1092 (C.D. Cal. 2020) ("At no point did the *Zadvydas* Court preclude a noncitizen from challenging their detention before the end of the presumptively reasonable six-month period."  *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018).  ("The Supreme Court in *Zadvydas* outlined a 'guide' for approaching these detention challenges . . . not a prohibition on claims challenging detention less than six months.") (quoting *Zadvydas*, 533 U.S. at 700-01); *Uzzhina v. Chestnut*, No. 1:25-cv01594-DAD-SCR, 2025 WL 3458787, at *3 n.3 (E.D. Cal. Dec. 2, 2025) ("The fact that a noncitizen has been held in-custody less than six months does not foreclose a claim that his or her detention is unlawful under *Zadvydas*.").

First, Petitioner is still within the "presumptively reasonable" six-month period of detention set by *Zadvydas* because he was detained on May 15, 2026—nearly three months as of the date of this Order since his administratively final removal order.  Petitioner did not assert or provide evidence that he was previously detained for the purpose of calculating the duration of his post-removal order detention period.  (*See generally* Dkts. 1, 8.)  Instead, Petitioner states, "[t]o the extent Petitioner has prior post-order detention, the Government cannot rely solely on the brevity of his current detention to defeat the claim."  (Dkt. 8 at 4.)

Second, Petitioner argues his pending motion to reopen rebuts the *Zadvydas* presumption, because it functions as an obstacle to removal as an "unresolved legal proceedings" and the Government cannot show it will be resolved on any foreseeable timetable.  (*Id.*)  Petitioner cites to *Martinez v. Gonzalez*, 504 F. Supp. 2d 887 (C.D. Cal 2007) to support his argument.  (*Id.* at 7-8.)  But Petitioner is unlike *Martinez* who met his *Zadvydas* burden because he showed good reason that there is no significant likelihood of removal after being detained over five years with a pending motion where the government could not provide a foreseeable timetable resolution.  *Martinez*, 504 F. Supp. 2d 887, 899 (C.D. Cal. 2007).  Petitioner has been detained under 3 months with a pending motion to reopen with the BIA.

Third, Petitioner asserts that his pending motion to reopen removal proceedings pending before the BIA shows there is not a significant likelihood of his removal in the reasonably foreseeable future.  (Dkt. 8 at 3.)  An administrative motion to reopen filed with the BIA does not provide an automatic stay to deportation.  *Berroteran-Melendez v. I.N.S.*, 955 F.2d 1251, 1254 (9th Cir. 1992); *see also Lopez-Alegria v. Ilchert*, 632 F. Supp. 932, 935 (N.D. Cal. 1986) ("the filing of a motion to reopen . . . does not automatically stay deportation. 8 C.F.R. §§ 242.22, 3.8(a). In all circumstances, a stay of deportation is a matter of grace, not of right.")

Next, Petitioner contends, "the relevant inquiry is whether Petitioner has a statutory right to litigate the motion and whether removal during its pendency would be lawful."  (Dkt. 8 at 5.)  The case Petitioner cites in his Petition is distinguishable because it involves a petitioner with Special Immigrant Juvenile ("SIJ") status, unlike Petitioner.  *See Primero Garcia v. Barr*, No. 20-CV-01389-NC, 2020 WL 1139660, at *3 (N.D. Cal. Mar. 9, 2020) (granting preliminary relief where noncitizen petitioner with SIJ status received a stay of removal proceedings from an immigration judge and under SIJ had "the permission to remain in the country pending the outcome of their adjustment of status application.").

Petitioner's other cited cases are not applicable as they relate to calculation of the removal period and an application for review of the BIA's decision for abuse of discretion, which are not at issue here.  (Dkt. 8 at 5.)  *See Viengkhone S. v. Albarran*, 817 F. Supp. 3d 901, 911-12 (E.D. Cal. 2025), *opinion clarified sub nom. Sikeo v. Albarran*, No. 1:25-CV-01505-KES-HBK (HC), 2026 WL 603740 (E.D. Cal. Mar. 4, 2026), *appeal dismissed*, No. 26-1666, 2026 WL 1757776 (9th Cir. May 6, 2026) (A motion to reopen is a collateral challenge to a removal order and denial of a motion does not restart the removal period in the analysis of the 90-day removal period pursuant to 28 U.S.C. § 1231(a)(3).); *see also Chavez-Perez v. Barr*, 820 F.App'x 589 (9th Cir. 2020) (Denying a petition for review for abuse of discretion of BIA's decision to deny petitioner's motion to reopen immigration proceedings.)

Furthermore, Petitioner does not provide any other evidence to rebut the *Zadvydas* presumption of reasonableness of the six-month detention period.  (*See generally* Dkts. 1, 8.)  *Compare Ismail Mohamed v. Warden, Adelanto ICE Processing Center*, No. 5:26-cv-01992-KK-BFM (C.D. Cal. May 21, 2026), *report and recommendation adopted sub nom. Ismail Mohamed v. Warden, Adelanto ICE Processing Center*, No. 5:26-cv-01992-KK-BFM (C.D. Cal. May 22, 2026). (*Zadvydas* presumption of reasonableness rebutted where Petitioner showed Respondent struggled to obtain travel documents for a refugee petitioner, petitioner provided fingerprints and all documents requested, birth records could not be located by designated country for removal due to a civil war that decimated the country's record system, and Respondent declined opportunity to file a supplemental brief to rebut Petitioner's assertions.)

On the record, and under the correct standard, Petitioner's detention is presumptively reasonable, and Petitioner has not rebutted the presumption of reasonableness of the six-month detention period.  *Zadvydas*, 533 U.S. at 701; *Pelich v. INS*, 329 (F.3d 1057, 1059, (9th Cir. 2003).  Nor has Petitioner alleged any facts to support another basis upon which his detention is unlawful.  Thus, Petitioner has not met his burden to justify habeas relief for immediate release.  *See* Habeas Rule 2(c), 4; *Mayle v. Felix*, 545 U.S. 644, 655, 125 S. Ct. 2562, 2569, 162 L. Ed. 2d 582 (2005); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).

**C.      Petitioner is Not Currently Eligible for a *Rodriguez* Bond Hearing**

Petitioner argues, in the alternative, that he is entitled to a *Rodriguez* bond hearing once he has been detained for six months.  (Dkt. 1 at 6-7.)  Respondents contend that the "remedy available to Petitioner is a bond hearing pursuant *Rodriguez* . . . once [Petitioner] has been detained for six months."  (Dkt. 7 at 2.)  Petitioner has been detained for less than three months at this time; he is not yet eligible for a hearing.

Article III of the U.S. Constitution limits the subject matter jurisdiction of federal courts to "actual, ongoing cases or controversies."  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). One component of the Article III case-or-controversy

requirement is the concept that a claim must be ripe for review. *Bova v. City of Medford*, 564 F.3d 1093, 1095-96 (9th Cir. 2009). "[R]ipeness addresses when litigation may occur." *Lee v. Or.*, 107 F.3d 1382, 1387 (9th Cir. 1997) (emphasis in original). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks and citation omitted).

As Petitioner has been detained for approximately three months, or three months short of the six-month detention period required for eligibility for a *Rodriguez* bond hearing, his claim is not yet ripe for judicial review.

## IV.   CONCLUSION

For the reasons stated, the Court DENIES the Petition.

DATED:  August 12, 2026

_____
HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge

9